Benjamin RAMEY, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.

Potomac Electric Power Company,
Intervenor.

No. 06–AA–743.

District of Columbia Court of Appeals.

Submitted June 1, 2007.

Decided June 5, 2008.

Benjamin Ramey, pro se.

Kevin J. O'Connell was on the brief for intervenor.

Robert J. Spagnoletti, Attorney General for the District of Columbia at the time the briefs were filed, Todd S. Kim, Solicitor General, and Edward E. Schwab, Deputy Solicitor General at the time, filed a statement of respondent in lieu of brief.

Before FARRELL, RUIZ, and THOMPSON, Associate Judges.

PER CURIAM:

Petitioner filed a claim for workers' compensation arising from work-related events that occurred on August 30, 2003, which he alleged had caused him to develop post-traumatic stress disorder. He sought benefits for temporary total disability from November 3, 2003, to the present and continuing, and payment of medical expenses.

Because the employer (PEPCO) contested the claim, an Administrative Law Judge (ALJ) held an evidentiary hearing, following which she concluded that petitioner's "claim for benefits [was] not compensable, in that [Ramey] did not sustain [an] employment-related *emotional* injury as alleged" (emphasis added). In so concluding, the ALJ recognized that "[e]motional injuries resulting from job stress [1] are, in appropriate circumstances, compensable 'accidental injuries' under the statute[, D.C.Code § 32–1501(12) (2001)]." Applying then-prevailing law, however, the ALJ defined those "circumstances" as follows:

> In order for a claimant to establish that an emotional injury arises out of the mental stress or mental stimulus of employment, the claimant must show that actual conditions of employment, as determined by an objective standard and not merely the claimant's subjective perception of his working conditions, were the cause of his emotional injury. The

---

1. As the ALJ found, the events that petitioner alleged had caused him injury were as follows: "[O]n or about August 31, 2003 ... he was accused of being intoxicated at work, [was] constrained to ride ... to several Virginia medical facilities without being allowed to eat, drink, or use the restroom, [and] then given a Breathalyzer and urine tests more than eleven hours after the starting time of his work shift."

objective standard is satisfied where the claimant shows that the actual working conditions *could have caused similar emotional injury in a person who was not significantly predisposed to such injury.*

Compensation Order at 6 (emphasis added).

For this required comparison to a hypothetical "normal employee," *id.,* the ALJ cited *Landesberg v. District of Columbia Dep't of Employment Servs.,* 794 A.2d 607 (D.C.2002); *Porter v. District of Columbia Dep't of Employment Servs.,* 625 A.2d 886 (D.C.1993); *Spartin v. District of Columbia Dep't of Employment Servs.,* 584 A.2d 564 (D.C.1990); and *Dailey v. 3M Co.,* H & AS No. 85–29 (Final Compensation Order of May 19, 1988). Applying the cited standard, the ALJ found that "[t]he credible version of the events surrounding [Ramey's] activities on August 30, 2003 does not reflect the presence of stressors which would cause emotional injury to a person not predisposed to such injury."

On petitioner's appeal to the Compensation Review Board (CRB or Board), that body likewise concluded that he had not invoked the presumption of compensability "by showing that a particular incident or situation at work was a significant stressor that could reasonably be expected to affect *a person of ordinary sensibilities* in the same way that it affected the injured worker" (emphasis added), citing *Sturgis v. District of Columbia Dep't of Employment Servs.,* 629 A.2d 547, 552 (D.C.1993) (in turn citing *Porter* and *Spartin, supra*).

In *McCamey v. District of Columbia Dep't of Employment Servs.,* No. 04–AA–

211, 947 A.2d 1191, 2008 D.C.App. Lexis 239 (D.C. May 15, 2008) (en banc), however, this court rejected the "person of ordinary sensibilities" standard as one that must be met by a person claiming emotional or psychological injuries caused in part by a predisposition to such injury. We held that, as applied to claims of disability involving psychological injuries that result from accidental physical injuries occurring in the workplace (*i.e.,* the situation presented in *McCamey*), "a so-called objective test or standard ... requiring [the claimant] to show that an average person not predisposed to such injury would have suffered a similar injury" is "inconsistent with the language of the [Workers' Compensation Act] ... and is contrary to the purposes underlying the District's workers' compensation laws." *McCamey,* 947 A.2d at 1201, 1214, 2008 D.C.App. Lexis 239, at *23, *63.[2]

Of particular importance to the present case, moreover, we went on to state that "our analysis in this case necessarily affects the scope of the objective standard in mental-mental cases as well":

> The reason that the objective test is unnecessary in the physical-mental context—that the physical accident supplies the necessary work-connection—flows back to *Dailey's* conflation of the desire for objective verification of a work-related event with the Director's concern that an employee's predisposition to mental injury would make the determination that the disability was caused by workplace stress more difficult. In some mental-mental claims, this objectively verifiable work connection may be

---

**2.** Although the compensation claim in *McCamey* arose under the District of Columbia Government Comprehensive Merit Personnel Act (CMPA), the court recognized that it and the Workers' Compensation Act "are conceptually close" and that the differences

"do not materially alter the analysis of [a] case involving a psychological injury ... related to a physical injury suffered in the course of employment." *McCamey,* 947 A.2d at 1199, 1200, 2008 D.C.App. Lexis 239, at *17, *20.

far less apparent; thus, the imposition of a carefully crafted test to establish the necessary connection between mental injury and work may be appropriate for such cases. We do not purport to say here what such a test should be. However, any test that prevents persons predisposed to psychological injury from recovering in all cases is inconsistent with the legislative history and humanitarian purpose of the D.C. WCA and CMPA. Accordingly, if the Board decides that a special test for mental-mental claims remains desirable, it must be one focused purely on verifying the factual reality of stressors in the workplace environment, rather than one requiring the claimant to prove that he or she was not predisposed to psychological injury or illness, or that a hypothetical average or healthy person would have suffered a similar psychological injury, before recovery is authorized.

*Id.* at 1214, 2008 D.C.App. Lexis 239, at *61–62 (footnote omitted).

Whether indeed—as appears from the record—the present case concerns a "mental-mental" claim requiring the CRB to come to grips with the issue not decided in *McCamey* is something we leave for the agency to consider in the first instance. What is clear is that the decision denying petitioner benefits may not be sustained on the rationale applied by the Board and the ALJ so far, and that the case must be remanded to the CRB for reconsideration in light of *McCamey*.

*Vacated and remanded.*